## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EARLENE MCBRIDE | : | |
| 342 N. Duke Street | : | |
| Lancaster, PA 17602 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No. _____ |
| | : | |
| v. | : | |
| | : | |
| WHITE DEER RUN, INC. | : | **JURY TRIAL DEMANDED** |
| 20400 Stevens Creek Blvd. | : | |
| Suite 600 | : | |
| Cupertino, CA 95014 | : | |
| | : | |
| Defendant. | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.     This action has been initiated by Earlene McBride (hereinafter referred to as "Plaintiff," unless indicated otherwise) against White Deer Run, Inc. (hereinafter referred to as "Defendant" unless indicated otherwise) for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. §§ 201, *et. seq*.) and the Pennsylvania Minimum Wage Act ("PMWA" - 35 P.S. §§ 333.101 *et. seq*.).  Specifically, Plaintiff asserts she was not properly paid overtime compensation while in the employ of Defendant and unlawfully terminated shortly after engaging in protected activity under the FLSA (by expressing concerns of non-payment of overtime). As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3.      This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

## PARTIES

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.      Plaintiff is an adult individual, with an address as set forth in the caption.

7.      Defendant is a corporation engaged in the business of providing full continuum care from detox through aftercare for adults and adolescents suffering from substance abuse, as well as treatment for other mental health disorders. Defendant operates multiple locations and functions nationally.

8.      At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

9.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10.      Plaintiff was hired by Defendant in or about mid-February of 2015.

11.      Plaintiff was employed at one of Defendant's many locations, and during her entire period of employment, worked at 53 NW End Avenue, Lancaster, PA 17602.

12.      Plaintiff was hired by Defendant for the position of Clinical Supervisor.

13.      As a Clinical Supervisor, Plaintiff expected to perform solely management responsibilities as she had been led to believe from Defendant's job listing, interview and hiring representations.

14.      Because Plaintiff was hired as a Clinical Supervisor, Plaintiff was categorized by Defendant as an exempt employee who was not paid at a rate of time and one half for all hours worked beyond 40 hours per week.

15.      Defendant however operated its business – at least at the location wherein Plaintiff was employed – in a very predatory and exploitive manner.  Specifically, it appeared at all times Defendant intentionally understaffed its organization and required employees to work in multiple unexpected capacities often 60-100 hour per week, discarding or terminating them when they were either burned out or opposed mistreatment.

16.      In total, Plaintiff was employed with Defendant for approximately nine (9) months.

17.     Although Plaintiff was titled Clinical Supervisor upon hire, Defendant was so short staffed that she was required to perform predominantly non-management duties during her entire tenure with Defendant.

18.     For the first approximate 7 months of her employment, well over 50% of Plaintiff's job consisted of performing a role of Clinical Technician, a position that requires no licenses, specific education or advanced training.

19.     Clinical technicians perform a non-exempt role for Defendant, and are paid overtime compensation. Examples of clinical technician duties consist of tasks such as: doing laundry; changing linens; getting patients and bringing them back and forth to appointments; kitchen responsibilities; janitorial duties; and patient monitoring.  The setting of the location wherein Plaintiff was employed was basically in a house, and Clinical technicians perform general made-like, butler, security, and other duties that basically facilitate the living and treatment environment for patients.

20.     For Plaintiff's last approximate 2 months of employment, Plaintiff performed almost exclusively Clinical Technician work along with counselor work as a counselor had left the facility and she was required to participate in a counseling role handling approximate 8 cases at a time (whereas previously she had no cases and did not counsel).

21.     The counselor whose role Plaintiff was handling and who had previously separated was a non-exempt employee and paid overtime compensation.

22.     During Plaintiff's entire period of employment, no more than 10-15% of her job ever consisted of anything that could arguably be management-related (as she did at times participate in hiring, payroll, or scheduling).  It was blatantly obvious to employees that Plaintiff

performed a labor role and rarely did anything related to management. *See e.g.* Denise Glover Certification, attached hereto as "Exhibit A."

23.     In the several months of her employment, Plaintiff raised concerns to her management, and in particular, one Carla Coldflesh. Coldflesh was Plaintiff's primary supervisor, and Coldflesh's job title was at all relevant times "Program Director."

24.     The concerns Plaintiff raised were that she was: (a) completely overwhelmed; (b) working tremendous hours; (c) since hire being unable to perform a management role; (d) that she was not getting paid overtime despite performing primarily roles entitling overtime; and (e) that she wanted her compensation, including overtime, to properly and promptly be addressed. Complaints of non-payment of overtime are protected activity under the FLSA.

25.     As a result of Plaintiff's complaints as aforesaid, Plaintiff was pretextually admonished and then terminated shortly after returning from a vacation in November of 2015. Her termination was premised on alleged performance concerns but was really motivated by her protected activities, which was followed with antagonism, bogus discipline and temporally proximate termination from employment.

**COUNT I**
**<u>Violations of the Fair Labor Standards Act ("FLSA")</u>**
**[Non-payment of overtime & Retaliatory Termination]**

26.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

27.     Defendant is a business engaged in interstate commerce and generates gross revenues in excess of $500,000.00 per year, establishing it as a covered enterprise pursuant to 29 U.S.C. § 203.

28.     Plaintiff typically worked a minimum of 60 hours per week and sometimes much more as needed.  Plaintiff was never paid at a rate of time and one half for any hours worked beyond 40 hours per week.  She consistently worked weekly performing an overwhelming majority of work that was non-exempt under the FLSA.

29.     Plaintiff was terminated from Defendant pretextually after expressing concerns of non-payment(s) of overtime compensation for performing non-exempt or non-management roles within Defendant.

30.     The non-payment of overtime compensation to Plaintiff and her termination for complaints of non-payment of overtime compensation constitute violations of the FLSA.

**COUNT II**
**Violations of the Pennsylvania Minimum Wage Act ("PMWA")**
**[Non-payment of overtime compensation]**

31.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32.     The PMWA does not have the same retaliation protections as the FLSA, but the requirements to pay overtime and analysis of exemptions is identical (for the purposes of this case).

33.     Thus, the non-payment of overtime compensation to Plaintiff constitutes a violation of the PMWA, as set forth in Count I.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B.      Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.


Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
        Ari R. Karpf, Esq.
        3331 Street Road
        Two Greenwood Square, Suite 128
        Bensalem, PA 19020
        (215) 639-0801

Dated: January 19, 2015

# EXHIBIT A

## CERTIFICTION OF DENISE GLOVER

1.      I, Denise Glover, do hereby make the statements in this Certification to the best of my knowledge and recollection. The statements herein are based upon my personal observations and work experience.  I understand that my statements in this Certification may be used legal claims, and they are made under penalties of false swearing, under oath and subject to penalties of perjury.

2.      I was hired by White Deer Run, Inc. ("WDR") in the timeframe of May 2015.  I was employed through part of December 2015. In total, I worked for WDR for approximately 7 months.

3.      During my period of employment with WDR, I worked as a Clinical Technician. This is a somewhat glorified job title for someone who performs a lot of labor work.  I regularly worked well over 40 hours per week, I was not an exempt employee, and I was paid overtime for hours I worked beyond 40 hours per week.

4.      My job consisted of performing an array of janitorial responsibilities, doing laundry, changing linens, and doing anything necessary to facilitate patients, which could include observing them, walking them to and from areas, getting food, meeting with them, and many other tasks.

5.      From hire through almost the end of my employment, I worked with Earlene McBride.  I was personally aware she held the title of Clinical Supervisor.  I did not know Ms. McBride prior to becoming employed with WDR.

6.      Based upon my observations, Ms. McBride performed very little if any management duties.  I worked with and observed her often, as we worked in such a small facility. She regularly filled in as a Clinical Tech and on a daily basis I saw her doing the same job duties

I was performing.  I attributed this to us being so short staffed.  I also saw her helping others, including counselors as needed.

Date: _1-14-16_

Denise Glover

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| EARLENE MCBRIDE | : | CIVIL ACTION |
| v. | : | |
| WHITE DEER RUN, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                              ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X )

| 1/20/2016 | Ari R. Karpf | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __342 N. Duke Street, Lancaster, PA 17602__

Address of Defendant: __20400 Stevens Creek Blvd., Suite 600, Cupertino, CA 95014__

Place of Accident, Incident or Transaction: __Defendant's place of business__
_(Use Reverse Side For Additional Space)_

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒
_RELATED CASE, IF ANY:_
Case Number: _____    Judge _____    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐  No☐

2. Does this case involve the issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. _Federal Question Cases:_

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☒ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. _Diversity Jurisdiction Cases:_

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
_(Check Appropriate Category)_

I, __Ari R. Karpf__, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: __1/20/2016__    _____    __ARK2484__
                        Attorney-at-Law              Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __1/20/2016__    _____    __ARK2484__
                        Attorney-at-Law              Attorney I.D.# 91538

CIV. 609 (5/2012)

*≈JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

MCBRIDE, EARLENE

**(b)** County of Residence of First Listed Plaintiff   Lancaster

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Karpf, Karpf & Cerutti, P.C., 3331 Street Road,
Two Greenwood Square, Suite 128, Bensalem,
PA 19020, (215) 639-0801, akarpf@karpf-law.com

## DEFENDANTS

WHITE DEER RUN, INC.

County of Residence of First Listed Defendant   Santa Clara

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☒ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Fair Labor Standards Act "FLSA" (29USC201)

Brief description of cause:
Violations of the FLSA and the Pennsylvania Minimum Wage Act "PMWA"

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) (See instructions):

JUDGE                                      DOCKET NUMBER

Explanation:

DATE   1/20/2016                SIGNATURE OF ATTORNEY OF RECORD

---

Print   |   Save As...   |   Export as PDF   |   Retrieve PDF File   |   Reset